Filed 8/19/24  In re D.G. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re D.G., et al. Persons Coming Under the Juvenile Court Law. | B326125 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 22LJJP00367) |
| Plaintiff and Respondent, | |
| v. | |
| C.G., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jennifer W. Baronoff, Judge Pro Tempore. Dismissed.

Benjamin Ekenes, under appointment by the Court of Appeal, for Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Melania Vartanian, Deputy County Counsel, for Respondent.

_____

Father (C.G.) appeals from the order adjudicating his twin children (D.G. and R.G., born 2011) dependent and removing them from his custody.  Jurisdiction was subsequently terminated and the family reunited.  We dismiss the appeal as moot.

### FACTUAL AND PROCEDURAL BACKGROUND

Father, mother (L.C.), and the children lived together in their house, with the maternal grandmother.  Mother and father were married, although sleeping in separate bedrooms while "taking a break."  Father had a drinking problem; he drank every day, and confided in a friend that he was having a hard time quitting.  Mother said father was a different person when he drank, he would lose control.  Both children wanted father to stop drinking.

On August 3, 2022, father had a doctor's appointment, where he received bad news:  his doctor told him he may have prostate cancer.  This was one of many sources of stress for father.  His parents, in Guatemala, were ill and wanted him to visit; his mother said it would be the last time they would meet, but he could not get a visa to go.  He has children (and a grandchild) in Guatemala who were denied a visa to come to the United States.  That night, he told God he wanted to see his family.  He bought a bottle of vodka, sat in his car outside his house, and drank a quarter of the bottle.

By the time he entered the house, he was angry enough to throw things (he broke a flower pot).  But he also felt dizzy and tired.  He told his mother-in-law he may have cancer and didn't know what to do.  He wanted to see his parents; he was crying.  He said he was going to kill himself.  Both children heard him

2

say he wanted to kill himself; D.G. reported hearing him scream it.

Father went into his room and closed the door. There were a number of guns kept in the room. He took a gun and loaded it. He fired three rounds into the floor. He emptied the gun and returned it to the lockbox.

Mother and the children were in the living room and heard the shots. The children were scared. Upon hearing the shots, mother called police, fearing that father had killed himself. Then, father exited the room; he was on the phone with a pastor from their church.[1] When the police arrived, they took father to the hospital on a mental health hold. (Welf. & Inst. Code, § 5150.)[2]

When father was discharged from the hospital, he was diagnosed with "generalized anxiety disorder, recurrent moderate major depressive disorder with anxiety, and unspecified [affective] disorder."

The Los Angeles Department of Children and Family Services (DCFS) filed a petition to declare the children dependent under section 300, subdivision (b)(1), on the basis that there was a substantial risk that the children would suffer serious physical harm due to: (1) father's alcohol abuse; (2) the "endangering situation" caused by his actions on the night of August 3, 2022; and (3) his mental and emotional problems rendering him

---

[1]     The pastor later reported that father told him he had contemplated walking out the door with a gun, knowing that the police were there, and committing suicide that way. The pastor said father told him he had an argument with mother.

[2]     All unidentified statutory references are to the Welfare and Institutions Code.

incapable of providing regular care and supervision of the children.

The children were detained from father; father moved out of the home and the children remained with mother. Father was to receive monitored visitation and both parents were to receive referrals for services.

The adjudication/disposition hearing was held on November 29, 2022. By this time, father had enrolled in services and made some initial progress. However, interviews with the family showed all four family members denying that father had a drinking problem, or even that he drank at all, other than on August 3, 2022. At the adjudication hearing, the trial court was concerned that the parents were in denial and coaching the children. The court concluded that, until mother and father could be rigorously honest about what they were going through and properly address it, it was not safe for father to be home with the children. The court sustained the petition as alleged, adjudicating the children dependent and continuing their placement with mother. Father filed a timely notice of appeal.

On December 21, 2023, while this appeal was pending, the court terminated jurisdiction, concluding the parents were in compliance with their programs and the conditions justifying jurisdiction no longer existed, nor were they likely to exist if supervision was withdrawn. The children were released to parents; no custody order was entered because the parents lived together.[3]

---

[3] We grant DCFS's request for judicial notice of this subsequent order terminating jurisdiction.

4

In light of the order terminating jurisdiction, we sought additional briefing on the issue of whether we should dismiss the appeal as moot; the parties submitted letter briefs on the issue.

**DISCUSSION**

Before we discuss mootness, it is first necessary to briefly identify the arguments father makes on appeal. Father does not challenge the sufficiency of the evidence that (1) he suffered from alcohol abuse; (2) he was suicidal and fired a gun in the house where his children were present; and (3) he was suffering from mental and emotional problems at the time of the incident. His challenge, instead, is to the dependency court's findings that each of these things presented a risk of serious physical harm to his children at the time of the adjudication hearing.

DCFS argues father's appeal is moot and we agree.

Our Supreme Court held, however, that when a case is moot, courts nonetheless may exercise their inherent discretion to reach the merits of the dispute.

Father argues we should exercise our discretion to address his appeal for two reasons: (1) the allegations are "significant" and could impact him should there be future dependency proceedings; and (2) principles of fairness favor discretionary review, since the case became moot due to his relatively prompt compliance with his program.[4]

---

[4] DCFS and father disagree as to whether termination of jurisdiction at the 12-month review hearing implies "prompt" compliance; DCFS presumably implying that prompt compliance would have resulted in termination at a 6-month review hearing. As we do not have a record of the 6-month review hearing in this case, we do not speculate on father's level of compliance at that point.

As to the first reason, we return to the nature of the arguments father makes on appeal. He has never disputed that he fired a gun in the house with his children present, nor that he was suicidal and diagnosed with mental health conditions. While he took issue with the allegation of alcohol abuse at the adjudication hearing, he does not contest, on appeal, that it was supported by substantial evidence. All of these facts would be available in future dependency proceedings, regardless of the outcome of this appeal, even if we addressed it on the merits. Thus, we do not believe this court's additional findings regarding a now-resolved risk of harm to the children would have a particularly significant impact. As to the second reason, compliance standing alone does not warrant discretionary review in these circumstances. We therefore dismiss the appeal as moot.

**DISPOSITION**

The appeal is dismissed as moot.

LEE, J. [*]

WE CONCUR:

BAKER, Acting P. J.

KIM, J.

---

[*] Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.